# UNITED STATES DISTRICT COURT
## ARIZONA – TUCSON

**February 25, 2019**

| | |
|---|---|
| USA v. Alexander True Norman | Case Number: 19-02949MJ-001-TUC-LCK |

## ORDER SETTING CONDITIONS OF RELEASE

Defendant is ORDERED released on PERSONAL RECOGNIZANCE (O/R).

**NEXT APPEARANCE:** as directed by the Court.

✓ FILED ___ LODGED
___ RECEIVED ___ COPY

FEB 2 5 2019

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

**DEFENDANT IS SUBJECT TO THE FOLLOWING CONDITIONS:**

1. Defendant promises to appear at all proceedings as required and to surrender for service of any sentence imposed.

2. Defendant shall not commit any federal, state or local crime.

3. Defendant shall cooperate in the collection of a DNA sample if the collection is authorized by 42 U.S.C. § 14135a.

4. Defendant shall IMMEDIATELY advise his/her attorney and Pretrial Services, in writing, PRIOR TO any change in residence address, mailing address or telephone number.

**Pursuant to the Adam Walsh Child Protection and Safety Act of 2006, Pretrial Services respectfully recommends the following mandatory conditions in compliance with 18 USC § 3142(c)(1)(B):**

5. Defendant shall report as directed to the U.S. PRETRIAL SERVICES 1-800-758-7505 or 520-205-4350; 405 W. Congress St., Suite 2633.

6. Defendant shall abide by the following restrictions on his or her personal associations, place of abode or **travel**: THE DEFENDANT SHALL NOT TRAVEL OUT OF THE STATE OF ARIZONA, UNLESS EXPRESS PRIOR COURT PERMISSION IS GRANTED TO TRAVEL ELSEWHERE.

7. Defendant shall avoid all direct or indirect contact with persons who are considered alleged victim(s), potential witness(es)

8. Defendant shall surrender all travel documents to Pretrial Services by March 4, 2019, and will not obtain a passport or other travel document during the pendency of these proceedings.

9. Defendant shall not possess any **firearm**, destructive device, or other dangerous weapon or ammunition.

CC:   Pretrial Services, USM

10. Defendant shall participate in a **mental health** treatment program as directed by Pretrial Services, and comply with all the treatment requirements including taking all medication prescribed by the mental health care provider, and make copayment toward the cost of such services as directed by Pretrial Services.

11. Defendant shall participate in the following location monitoring program components and abide by its requirements as the Pretrial Services officer or supervising officer instructs:

    **Home Detention:** Defendant is restricted to his/her residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by Pretrial Services.

12. Defendant shall submit to the location monitoring technology at the Officer's discretion and abide by all of the program requirements and instructions provided by the Pretrial Services Officer or Supervising Officer related to the proper operation of the technology. The defendant must pay all or part of the cost of the program based upon your ability to pay as the Pretrial Services office or Supervising Officer determines.

13. Defendant shall participate in the Computer Monitoring Program as directed by the Pretrial Services Office and follow all rules and regulations of the program. Defendant will incur the cost of monitoring services as directed by Pretrial Services. Additional conditions of the Computer Monitoring Program are as follows:

    a. Defendant shall not establish any email accounts or internet services accounts unless previously authorized by Pretrial Services. Defendant shall provide financial documents as requested by Pretrial Services to confirm compliance with this condition.

    b. Defendant shall not use a computer to access any pornographic, sexually explicit or stimulating material in any form as defined by 18 U.S.C. 2256(2) and shall immediately contact Pretrial Services to report access to any restricted site.

14. Defendant shall not possess or access any device which allows access to the Internet unless authorized by Pretrial Services.

15. Defendant shall avoid unsupervised contact with any minors under the age of 18 without the presence of a responsible adult without prior permission of the supervising Officer and shall report immediately any unauthorized contact with any minor to Pretrial Services.

## ADVICE OF PENALTIES AND SANCTIONS

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for the defendant's arrest, a revocation of release, an order of detention, as provided in 18 U.S.C. §3148, forfeiture of bond, and a prosecution for contempt as provided in 18 U.S.C. §401 which

could result in a possible term of imprisonment or a fine, or both. The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not less than two years nor more than ten years, if the offense is a felony; or a term of imprisonment of not less than ninety days nor more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.

18 U.S.C. §1503 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to intimidate or attempt to intimidate a witness, juror or officer of the court; 18 U.S.C. §1510 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to obstruct a criminal investigation; 18 U.S.C. §1512 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to tamper with a witness, victim or informant; and 18 U.S.C. §1513 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to retaliate against a witness, victim or informant, or threaten or attempt to do so.
It is a criminal offense under 18 U.S.C. §3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was released in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction, for:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both:

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant shall be fined not more than $250,000 or imprisoned for not more than five years or both;

(3) any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor, the defendant shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted.

## ACKNOWLEDGMENTS

I, the Defendant, acknowledge I am aware of the conditions of my release. I promise to obey all conditions, appear as directed and surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

| DATE | SIGNATURE | ADDRESS AND PHONE NUMBER OF DEFENDANT |
|---|---|---|
| 2/25/19 | [signature] | Ref Pretrial Services Report - not public record |

**This order authorizes the U.S. Marshal to release the defendant from custody.**

Case Number: 19-02949MJ-001-TUC-LCK                    February 25, 2019
USA v. Alexander True Norman                           Page 4 of 4

**Bond set by:** Jacqueline M. Rateau    **Defendant released by:** Jacqueline M. Rateau

Signed before me on this date: February 25, 2019

By U.S. Magistrate Judge: _Jacqueline M. Rateau_
Witnessed and acknowledged before:

| DATE | SIGNATURE OF WITNESS |
|---|---|
| 2/25/19 | _[signature]_ |